

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**TAWANA C. MARSHALL, CLERK**
**THE DATE OF ENTRY IS**
**ON THE COURT'S DOCKET**



**The following constitutes the ruling of the court and has the force and effect therein described.**

**United States Bankruptcy Judge**

Signed October 21, 2010

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CRUSADER ENERGY GROUP INC., et al. | § | CASE NO. 09-31797-BJH-11 |
| | § | |
| DEBTORS. | § | |
| | § | |
| EARTHWISE ENERGY, INC., INDIVIDUALLY AND AS MANAGING VENTURER OF THE ALFRED KENNON #2-H JOINT VENTURE AND OF ENERGY PARTNERS INTERNATIONAL, | § | |
| Plaintiffs, | § | ADV. PRO. 09-03141-BJH |
| - against - | § | |
| CRUSADER ENERGY GROUP INC., | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Crusader Energy Group Inc.'s Motion for Partial Summary

Judgment (the "Motion"). The Court has core jurisdiction over the parties and the issues raised in the Motion in accordance with 28 U.S.C. § 1334 and 157(b). This Memorandum Opinion and Order contains the Court's ruling on the Motion.

In the Motion, the only issues in dispute between the parties are: (i) whether certain leases, leasehold interests and wells were conveyed to two different parties by Gulftex Operating Inc. ("Gulftex"), and (ii) if so, as between those two parties, who owns the disputed interests? For the reasons explained more fully below, the Court concludes that (i) the disputed interests were not doubly conveyed, and (ii) the disputed interests belong to Crusader Energy Corporation ("Crusader").

## I. FACTUAL BACKGROUND

As relevant here, on September 25, 2007, Gulftex and Westside Energy Corporation ("Westside"), which became known as Crusader in June 2008, entered into a Purchase and Sale Agreement pursuant to which Westside purchased all of Gulftex's "rights, titles and interests" in certain enumerated oil and gas leases, wells, mineral interests, real and personal property interests, and other assets (the "September 2007 PSA"). The oil and gas leases listed on Exhibit A-1 to the September 2007 PSA were conveyed to Westside and included, as relevant here, the following leases and leasehold interests:

**NELSON**

| | |
|---|---|
| DATE: | September 15, 2003 |
| LESSOR: | SC Development |
| LESSEE: | Mid-Continent Geological, Inc. |
| RECORDING DATA: | Volume 17394, Page 292, Tarrant County, TX |

| | |
|---|---|
| DATE: | July 12, 2004 |
| LESSOR: | Glenda W. Nelson |
| LESSEE: | Mid-Continent Geological, Inc. |
| RECORDING DATA: | Doc. # 204222100 & 204234607, Tarrant County, TX |

EXCEPTION: THERE IS EXCEPTED FROM THE CONVEYANCE OF THE FOREGOING LEASES THE WELLBORE AND ALL FACILITIES, EQUIPMENT, EASEMENTS, AND CONTRACTS ASSOCIATED WITH THE NELSON #1H WELL LOCATED ON THE LEASES.

**KENNON**

| | |
|---|---|
| DATE: | May 4, 2005 |
| LESSOR: | The Brown Harwood Trust, Bank One, N.A., Trustee |
| LESSEE: | Mid-Continent Geological, Inc. |
| RECORDING DATA: | A Memorandum of this lease was filed for record on April 8, 2005 at Volume 3509, Page 451 of the Official Public Records of Johnson County, Texas |

| | |
|---|---|
| DATE: | January 18, 2005, effective February 17, 2005 |
| LESSOR: | Jean Beach Gaulden and Roy D. Gaulden, Trustors and Trustees of the Gaulden Revocable Trust dated March 28, 1986 |
| LESSEE: | Mid-Continent Geological, Inc. |
| RECORDING DATA: | April 8, 2005 at Volume 3509, Page 445 of the Official Public Records of Johnson County, Texas |

**MCCLENDON**

| | |
|---|---|
| DATE: | June 25, 2004 |
| LESSOR: | Delos C. McClendon and Sandra K. McClendon, husband and wife |
| LESSEE: | Mid-Continent Geological, Inc. |
| RECORDING DATA: | 2004-112898, Denton Co., Texas |
| EXCEPTION: | less and except that portion of the lease included in the unit for the McClendon #1-H: original dated 11-28-06 and appearing as Denton County document number 2006-147489; amended dated 2-2-07 and appearing as Denton County document number 2007-26437 |

| | |
|---|---|
| DATE: | June 25, 2004 |
| LESSOR: | C.D. McClendon and Linda McClendon, husband and wife |
| LESSEE: | Mid-Continent Geological, Inc. |
| RECORDING DATA: | 2004-112897, Denton Co., Texas |
| EXCEPTION: | less and except that portion of the lease included in the unit for the McClendon #1-H: original dated 11-28-06 and appearing as Denton County document number 2006-147489; amended dated 2-2-07 and appearing as Denton County document number 2007-26437 |

In addition to the leases listed on Exhibit A-1 that were sold to Westside in the September 2007 PSA, Exhibit B-1 to the September 2007 PSA identified the following then-existing wells, working interests and net revenue interests that Gulftex sold and conveyed to Westside:

**EXHIBIT B-1**

**WELLS; WORKING INTERESTS AND NET REVENUE INTERESTS; ALLOCATED VALUES**

**GULFTEX OPERATING, INC.**

| Well | Allocated Value | GTO WI | GTO NRI |
|---|---|---|---|
| KENNON OFFSET 3H | $473,000 | 43.750000 | 32.812500 |
| KENNON OFFSET 4H | $421,000 | 43.750000 | 32.812500 |
| KENNON OFFSET 5H | $480,000 | 43.750000 | 32.812500 |
| KENNON OFFSET 6H | $431,000 | 43.750000 | 32.812500 |
| KENNON OFFSET 7H | $488,000 | 43.750000 | 32.812500 |
| SCHMIDT UNIT 3H | $244,000 | 24.053500 | 18.401250 |
| SCHMIDT UNIT 4H | $237,000 | 24.053500 | 18.401250 |

(hereinafter, the Exhibit A-1 leases and the Exhibit B-1 properties will be collectively referred to as the "Disputed Interests").

Then, as relevant here, in December 2007, Gulftex settled an arbitration proceeding styled Energy Partners International ("EPI") v. Gulftex Operating, Inc. et al. The parties to the arbitration included Gulftex, its principals, Timothy Burroughs and David York, EPI, and its affiliate Earthwise Energy, Inc. ("EEI"). Specifically, pursuant to a Settlement Agreement dated as of December 20, 2007 (the "Settlement Agreement"), the parties settled their disputes and Gulftex agreed to convey

certain assets described in the Settlement Agreement to EEI. Thereafter, on January 8, 2008, an Assignment of Oil, Gas, and Mineral Leases and Working Interests (the "Assignment") was recorded by EEI, pursuant to which Gulftex transferred those assets to EEI.

## II. CONTENTIONS OF THE PARTIES

In its Complaint, EEI contends that the Disputed Interests, among other assets, were transferred to it pursuant to the terms of the Settlement Agreement and the Assignment. Although EEI does not dispute the fact that Gulftex had sold the Disputed Interests to Westside previously pursuant to the terms of the September 2007 PSA, EEI claims ownership of the Disputed Interests as a bona fide purchaser for value and without notice. In short, according to EEI, because Westside did not record its assignment documents until after EEI had recorded the Assignment, EEI is a bona fide purchaser of the Disputed Interests for value and without notice of Westside's prior interest.

In response, Crusader (Westside's successor) contends that a careful reading of the Assignment demonstrates that there was no double conveyance of the Disputed Interests by Gulftex. According to Crusader, and as relevant here, pursuant to the unambiguous terms of the Assignment, Gulftex (i) disclosed that it had "conveyed certain well bore limited interests in the Subject Leases to the various Joint Ventures . . . and Assignor [Gulftex] retains various interests in the Wells; further, Assignor has conveyed certain interests in certain of the Leases to unrelated third parties, and Assignor retains unassigned interests and acreage . . . ," and (ii) conveyed whatever interests it had retained in the Wells and the Subject Leases to EEI. Finally, according to Crusader, because Gulftex retained no interest in the Disputed Interests on December 20, 2007 (having sold them previously

to Westside pursuant to the September 2007 PSA), the Disputed Interests were not conveyed to EEI pursuant to the Settlement Agreement and/or the Assignment.

For the reasons explained more fully below, the Court agrees with Crusader.

### III.  LEGAL ANALYSIS

In order to determine if there was a double conveyance of assets previously conveyed to Westside in the September 2007 PSA, the starting point in our analysis is the Settlement Agreement between, among others, Gulftex and EEI. The Settlement Agreement provides that "[a]ll of the GTO JV Interests [as defined in the Settlement Agreement] set forth in Exhibit A, all of the GTO WI [as defined in the Settlement Agreement] set forth in Exhibit A, and the oil, gas, and mineral leases underlying such interests set forth on Exhibit A (the "Leases") . . . shall be sold, assigned, transferred, and conveyed . . . to EEI . . . in accordance with instruments substantially in the forms attached hereto as Exhibit D (the "GTO Assignment)." Appendix in Support of the Motion (the "Appendix") at p. A0005, ¶ 2. In turn, Exhibit A to the Settlement Agreement contained a list of joint venture interests owned by Gulftex that were to be assigned to EEI and a list of other working interests owned by Gulftex that were to be assigned to EEI, neither of which are in dispute here, and *was supposed* to contain a list of "Leases underlying the JV Interests and the Other Working Interests Owned by GTO That [sic] are being assigned to EEI." App. at A0014. Unfortunately, however, that portion of Exhibit A was left blank by Gulftex and EEI, which precipitates, at least in part, the current dispute between EEI and Crusader. And, as noted previously, Exhibit D to the Settlement Agreement was the GTO Assignment – *i.e.*, the proposed form of assignment document to be used by the parties to complete the conveyance. App. at pp. A0017-A0019.

The Assignment (as recorded by EEI on January 8, 2008) was identical to the GTO Assignment (the proposed form attached to the Settlement Agreement). Compare App. at pp. A0126-A0132 with pp. A0017-A0019. However, as executed by the parties, the Assignment did not contain both an Exhibit A and B. Rather, what was supposed to be on each of those exhibits was collapsed into a single Exhibit A, which contained a list of (i) the wells, and (ii) the Joint Venture Agreements and the Joint Ventures being conveyed to EEI. App. at p. A0131. However, Gulftex continued to refuse to prepare a list of leases underlying the Exhibit A wells, which were also being conveyed to EEI. The summary judgment evidence establishes that EEI and Gulftex decided to proceed to finalize the Assignment notwithstanding the missing list of leases, so that portion of Exhibit A that called for a list of leases was deleted (so there would be no blanks apparent on the face of Exhibit A to the Assignment) and no list of leases appears on Exhibit A.

So, as relevant here, we have a clear list of Wells conveyed pursuant to the Assignment but we have no list of leases that were to be conveyed. This is where the current dispute between Crusader and EEI begins to get interesting. According to EEI, notwithstanding the fact that no list of leases was ever prepared by Gulftex and recorded by EEI, the Assignment conveyed "any and all oil and gas leases in any drilling units associated with the Wells." App. at p. A0127, third recital paragraph. EEI reaches this conclusion as follows. First, the term "Wells" was defined in the Assignment by reference to an attached Exhibit A, which contained a list of oil and gas wells. Second, the term "Subject Leases" was defined as those certain oil and gas leases on which the Wells were drilled and "which include any and all oil and gas leases in any drilling units associated with the Wells." Third, because the Disputed Interests include leases "associated with the Wells" and new wells drilled on those leases, the Disputed Interests belong to EEI.

**Memorandum Opinion and Order**                                                                                                              **Page 7**

Crusader does not dispute that the Disputed Interests are either (i) leases "associated with" a well conveyed to EEI pursuant to the Assignment, or (ii) a well drilled on a lease "associated with" such a well after January 8, 2008. However, according to Crusader, EEI simply misreads the Assignment with respect to what was actually conveyed to EEI. Crusader reaches this conclusion as follows. First, as relevant here, what was actually conveyed to EEI in the Assignment was the "GTO Working Interests." App. at A0128 ("NOW THEREFORE . . . [Gulftex] does hereby ASSIGN, GRANT, BARGAIN, TRANSFER, and CONVEY unto [EEI] an undivided 100.00% of all interests *which [Gulftex] owns* in and to the . . . GTO Working Interests, including, but not limited to, all oil, gas and associated hydrocarbons produced, saved, sold and marketed pursuant to or attributable to the Subject Leases, and the land covered thereby or any extension or renewals of any of the Subject Leases from and after the Effective Date (the "Assigned Properties") (emphasis added). Second, the term "GTO Working Interests" is defined in the fourth recital paragraph of the Assignment as follows:

> Whereas, [Gulftex] has conveyed certain well bore limited interests in the Subject Leases to the various Joint Ventures regarding the Wells drilled pursuant to each of those Joint Ventures, and [Gulftex] retains various interests in the Wells; further, [Gulftex] has conveyed certain interests in certain of the [Subject] Leases to unrelated third parties, and [Gulftex] retains unassigned interests and acreage; and therefore, [Gulftex] retains interests in the well bores of the Wells and also retains interests in the Subject Leases insofar as they relate to property other than the well bores of the Wells (*all such retained interests*, less and except the Alfred Kennon #2-H Interests as defined below, collectively being referred to herein as the "GTO Working Interests").

App. at p. A0127 (emphasis added). Third, because (i) Gulftex only conveyed to EEI 100% of all interests in the GTO Working Interests which it owned, (ii) GTO Working Interests was expressly defined to be only the interests in the Subject Leases retained by Gulftex, and (iii) Gulftex had

**Memorandum Opinion and Order**                                                                                       **Page 8**

previously conveyed the Disputed Interests to Westside in the September 2007 PSA, the Disputed Interests were not "retained interests" as of December 20, 2007 (when the Settlement Agreement was signed) and/or January 8, 2008 (when the Assignment was recorded by EEI). Thus, according to Crusader (Westside's successor), it owns the Disputed Interests.

The Court agrees. Because it is undisputed that the Disputed Interests had already been sold to Westside, Gulftex no longer "retained" any interest in them and, pursuant to the unambiguous language of the Assignment, the Disputed Interests were simply not transferred to EEI.

While EEI attempts to divert the Court's attention from this fundamental flaw in its position by pointing to Westside's failure to record its transfer documents, such that EEI could have discovered Gulftex's prior transfer to Westside by searching the deed records, Westside's failure to record in this context is irrelevant. Let me explain. Specifically, EEI argues that it is a bona fide purchaser for value and without notice of Westside's interest in the Disputed Interests because of Westside's failure to record its transfer documents. The fundamental flaw in EEI's legal analysis of this issue is its starting predicate – *i.e.*, to be a bona fide purchaser, you must first be a purchaser. Because the Court has concluded that EEI never "purchased" the Disputed Interests pursuant to the Settlement Agreement and/or the Assignment (because Gulftex retained no interest in them), EEI can not be a bona fide purchaser as a matter of law.

### IV.    CONCLUSION

For at least these reasons, the Court concludes that the Motion must be granted.

**SO ORDERED.**

**### End of Memorandum Opinion and Order ###**